IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEVIN MICHAEL SHAFFER,<br><br>       Petitioner<br><br>  VS.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS,<br><br>       Respondent | NO.  5:09-CV-52 (CAR)<br><br>**PROCEEDINGS UNDER 28 U.S.C. § 2254**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

# RECOMMENDATION TO DISMISS

Before the court is the respondent Georgia Department of Correction's motion seeking dismissal of the instant habeas corpus petition.  Tab #13.  In its brief in support of the motion, the respondent avers that, prior to filing the instant action, petitioner Kevin Michael Shaffer failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982).  Petitioner Shaffer was ordered to (Tab #14) and has responded (Tab #18) to the respondent's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Shaffer was indicted by the Houston County, Georgia grand jury in March of 1999 for giving a false name, aggravated assault, kidnaping with bodily injury, robbery, two counts of burglary, theft by taking (motor vehicle), entering an auto, theft by receiving stolen property, possession of a Schedule III Controlled Substance, and two counts of possession of a Schedule IV Controlled Substance.  On July 25, 2000, Petitioner entered a plea of guilty to aggravated assault, false imprisonment, robbery and theft by taking (motor vehicle).  He was sentenced to 20 years, serve 10, with the balance probated.

Petitioner Shaffer was subsequently indicted by a grand jury in Clayton County, Georgia in November of 1999 for three counts of aggravated assault on a police officer, interference with government property, habitual violator, fleeing from police, reckless driving, speeding, and criminal damage to property. On March 17, 2000, petitioner entered a plea of guilty to all of these counts. He was sentenced to 10 years to serve with the sentence to be calculated from February 28, 1999.

On December 17, 2007, petitioner Shaffer executed a petition for writ of mandamus in the Superior Court of Fulton County wherein he alleged that the respondent Georgia Department of Corrections' sentence computation unit improperly refused to properly compute his sentence from February 28, 1999, as ordered by the judge in the Clayton County criminal case. Moreover, petitioner Shaffer contended that this failure unconstitutionally extended his sentence. On February 4, 2009, during the pendency of his state mandamus application, petitioner Shaffer executed the instant federal habeas corpus petition, citing the same argument. Tab #1. The respondent then filed a response (Tab #12) and the instant motion seeking dismissal.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

## DISCUSSION AND CONCLUSION

As it is undisputed that petitioner Shaffer had not exhausted his available state judicial remedies *prior* to filing the instant petition, it is the opinion of the undersigned that the petition is not properly before this court. Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to petitioner's right to refile once he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 14th day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE